NOT FOR PUBLICATION (Doc. No. 2)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| EDWARD MCDANIELS, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> CITY OF MILLVILLE POLICE : <br> DEPARTMENT, CITY OF MILLVILLE : <br> MUNICIPAL COURT, COUNTY OF : <br> CUMBERLAND, CUMBERLAND : <br> COUNTY JAIL, GLOUCESTER COUNTY : <br> DEPARTMENT OF CORRECTIONAL : <br> SERVICES, and COUNTY OF : <br> GLOUCESTER, I/J/S/A, : <br> : <br> Defendant. : | Civil No. 11-2741 (RBK/AMD) <br><br> **OPINION** |

**KUGLER**, United States District Judge:

This matter comes before the Court on the unopposed motion of the Gloucester County Department of Correctional Services and County of Gloucester ("Defendants" or "Gloucester County Defendants") to dismiss the civil rights claims brought against them by Edward McDaniels ("Plaintiff"). For the reasons stated below, the motion of Gloucester County Department of Correctional Services and County of Gloucester is granted, and the claims against these two Defendants are dismissed.

I. BACKGROUND

Plaintiff alleges that, while incarcerated in the Gloucester County Department of Correctional Services facility on unrelated charges, Plaintiff was arrested by the police department of the City of Millville for shoplifting and obstruction. Am. Compl. at ¶ 1. Plaintiff

1

alleges that Defendant Gloucester County Department of Correctional Services ("Gloucester County Correctional") did not confirm his identity when the City of Millville officers came to arrest him. Id. at ¶ 2. Plaintiff claims that, although he tried to convince Gloucester County Correctional and the Millville Police Department to verify his identity, no effort was made to determine that Plaintiff was, indeed, the suspect in question. Id. at ¶¶ 3-4. Plaintiff indicates that he was taken from Gloucester County Correctional and held in the custody of the Cumberland County Jail from February 26, 2009 until his appearance in Millville Municipal Court on March 11, 2009. Plaintiff further alleges that, on that date, when he was brought before a Millville Municipal Court Judge on the shoplifting and obstruction charges, the Judge examined a picture of the "true suspect" and ordered Plaintiff released immediately, "due to the fact that he was obviously not the person responsible" for the shoplifting and obstruction with which he was charged. Id. at 14. Plaintiff alleges that he continued to be held in Cumberland County Jail for six days after the Millville Municipal Court hearing. Id.

Plaintiff's Complaint was originally filed in New Jersey Superior Court, Cumberland County, and did not include the Gloucester County Defendants. The Complaint was eventually amended to include the County of Gloucester and the Gloucester County Department of Correctional Services, and these Defendants removed the matter to this Court. Only Count One of the Amended Complaint seeks judgment against the Gloucester County Defendants. Count One alleges that, by failing to verify Plaintiff's identity before allowing him to be arrested by the Millville Police Department, the Gloucester County Defendants violated Plaintiff's constitutional right to be free from false arrest. Id. at 9. Defendants filed the instant motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), which Plaintiff has not contested.

**II.     STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure to state a claim upon which relief can be granted.  With a motion to dismiss, "'courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'"  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)).  In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  In making this determination, a court must engage in a two-part analysis, wherein it first separates factual allegations from legal conclusions, and then determines whether the factual allegations are sufficient to show that the plaintiff has a "plausible claim for relief."  Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009); Fowler, 578 F.3d at 210-11.  A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible. See id.

**III.    DISCUSSION**

Defendants properly characterize Plaintiff's claims under the United States Constitution as a civil rights action pursuant to 42 U.S.C. § 1983.  Defendants argue that Plaintiff has failed to allege "that any official employed by Moving Defendants arrested him or put into motion the actions of those who did arrest him."  Defendants' Brief in Support of their Motion to Dismiss ("Defs. Br."), 4.  Thus, Defendants argue, they cannot be liable for the allegedly false arrest.  Furthermore, Defendants allege that "[a] municipal entity such as the County of Gloucester cannot be held liable under 42 U.S.C. § 1983 on a theory of respondeat superior." Id. (citing

3

Monell v. Dep't of Social Servs., 436 U.S. 658, 691 (1978)).  Finally, Defendants argue that Defendant Department of Correctional Services is a department within the County of Gloucester, and thus "not a proper 'person' under Section 1983." Defs. Br. 5.

>42 U.S.C. § 1983 provides, in relevant part:
>
>Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

Local government units are not liable under § 1983 solely on a theory of respondeat superior. See City of Oklahoma City v. Tuttle, 471 U.S. 808, 824 n.8 (1985); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978) (municipal liability attaches only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" complained of); Natale v. Camden County Correctional Facility, 318 F.3d 575, 583-84 (3d Cir. 2003). "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior.  Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted).  Accord Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-96 (3d Cir. 1997); Baker v. Monroe Township, 50 F.3d 1186, 1190-91 (3d Cir. 1995).

In this case, in order for the County of Gloucester to be liable for the alleged violation of Plaintiff's civil rights, Plaintiff would have to attach Monell liability to the County for the actions of the officers at Gloucester County Correctional; that is, Plaintiff would need to point to some Gloucester County "policy or custom" according to which the Gloucester County

Correctional officers were acting when they allegedly participated in Plaintiffs false arrest. Plaintiff has not done so. Thus, Plaintiff's claim against the County of Gloucester must fail.

Moreover, as Defendants argue, "[m]oving Defendant Department of Correctional Services is a department within the County of Gloucester." Defs. Br., 5. In order for Section 1983 liability to lie, a defendant must either be a natural person or a municipal entity shown to have a policy or custom established by officials that supports the charged civil rights violation. See Simmons v. Philadelphia, 947 F.2d 1042, 1061 (3d Cir. 1991) (explaining that "Monell is animated by the awareness that 'governmental bodies can act only through natural persons,'" and indicating that Monell "'expresly envisioned' that municipal liability under section 1983 would be predicated on official policies established by legislators or by 'other officials . . . .'") (quoting City of St. Louis v. Prapotnik, 485 U.S. 112, 122 (1988) and Pembaur v. City of Cincinnati, 475 U.S. 469, 480 (1986), respectively). In this case, Plaintiff names no natural persons from Gloucester County Correctional who allegedly failed to properly identify Plaintiff, and also fails to establish that the Gloucester County Correctional, as a municipal entity, manifested a pattern of alleged unconstitutional practice that was promulgated by an official. Accordingly, the claim against the Gloucester County Correctional Defendant must be dismissed as well.

## IV.    CONCLUSION

For the foregoing reasons, the Gloucester County Defendants' motion to dismiss Plaintiff's claim is **GRANTED**, and the case against the County of Gloucester and the Gloucester County Department of Correctional Services is **DISMISSED**.


Date: 1/11/2012                                             /s/ Robert B. Kugler
                                                                                          ROBERT B. KUGLER
                                                                                          United States District Judge